UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JULIE A LADOUCER, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. C-10-128 |
| | § | |
| BAC HOME LOANS SERVICING, LP, *et al*, | § | |
| | § | |
| | § | |
| Defendants. | | |

## ORDER

On this day came on to be considered Plaintiffs William LaDoucer and Julie LaDoucer's motion to remand. (D.E. 8.)  For the reasons discussed below, the Court GRANTS Plaintiffs' motion and REMANDS this action pursuant to 28 U.S.C. § 1447(c) to the 79th Judicial District of Jim Wells County, Texas, where it was originally filed and assigned Cause No. 10-02-48732-CV.

## I.      Factual and Procedural Background

In their operative complaint, Plaintiffs William C. Ladoucer and Julie A. Ladoucer allege as follows:

Plaintiffs owned a home in Texas for which Defendants BAC Home Loan Servicing, LP ("BAC") and Countrywide Home Loans, Inc. ("Countrywide") were the respective servicer and holder of the mortgage on that property. (D.E. 1, Ex. 9, p. 2.)  On December 29, 2008, Plaintiffs signed a contract to sell their property to some buyers with a closing date set for February 27, 2009. (Id. at 3.)  Plaintiffs faxed the contract of sale to Defendant Countrywide. (Id. at 3.) Plaintiff Julie LaDoucer spoke to a "lady" at Countrywide's

Homeowner Retention Department to confirm receipt of the contract and "was told that the defendants had received the contract and that it was great that it was going to work out for everyone involved." (Id. at 3.)   Plaintiffs claim that they were "led … to believe that a foreclosure sale that the defendants had scheduled for January of 2009 was cancelled." (Id. at 3.)   However, instead of cancelling the foreclosure, "defendants foreclosed on the property on January 6, 2009." (Id. at 4.)   Because of the foreclosure, the potential buyers "became disillusioned by the lack of title in Plaintiffs' name [and] stated that they were no longer interested in [purchasing] the property." (Id. at 4.)   Consequently, Plaintiffs "lost almost $27,680.00 in equity which they would have realized from the sale of the property." (Id. at 4.)

In February 2009, Defendants took possession of the property and changed the locks on the doors. (Id. at 4.)   In March 2009, Plaintiffs' personal property was taken from the home, including a $4,500 shed that had been purchased by the Plaintiffs. (Id. at 4.)   Plaintiffs' credit rating was also adversely affected by the foreclosure notation on their credit. (Id. at p. 4.)

Plaintiffs initially filed this action in state court on February 1, 2010, bringing suit against Defendants for 1) wrongful foreclosure; 2) fraud; 3) violation of the Texas Debt Collection Act; and 4) breach of contract. (D.E. 1, Ex. 9.)   Defendants removed this action to this Court on March 12, 2010, on the grounds that this Court has diversity jurisdiction over this action. (D.E. 8, p. 1.)   This Court remanded the action, *sua sponte*, on the grounds that the action did not meet the $75,000 threshold amount-in-controversy requirement for diversity subject matter jurisdiction. (D.E. 1, Ex. 10)

Plaintiffs filed an amended complaint, the operative complaint in this action, on April 23, 2010. (D.E. 1, Ex. 9.)  The amended complaint is nearly identical to the original complaint, although it adds two causes of action: negligent misrepresentation and conversion. (D.E. 1, Ex. 9.)  On May 6, 2010, Defendants again removed this action to this Court, again on the basis of diversity jurisdiction. (D.E. 1.)  Plaintiffs filed a motion to remand on May 20, 2010. (D.E. 8.)  This Court lacks jurisdiction over this action for the reasons set forth below.

## II.     Discussion

### A.     General Removal Principles

A defendant may remove an action from state court to federal court if the federal court possesses subject matter jurisdiction over the action. 28 U.S.C. § 1441(a); see Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). A court, however, "must presume that a suit lies outside its limited jurisdiction." Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001). The removing party, as the party seeking the federal forum, bears the burden of showing that federal jurisdiction is proper. See Manguno, 276 F.3d at 723. "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Id.

### B.     Removal Based on Diversity Jurisdiction

When the alleged basis for federal subject matter jurisdiction is diversity under 28 U.S.C. § 1332, the removing defendant has the burden of demonstrating that there is: (1) complete diversity of citizenship; and (2) an amount-in-controversy greater than $75,000. See 28 U.S.C. § 1332(a).

### 1.      Diversity of Parties

Section 1332(a) requires "complete diversity" of citizenship, and the district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants. See Corfield v. Dallas Glen Hills LP, 355 F.3d 853, 857 (5th Cir. 2003). In removal cases, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court. See Coury v. Prot, 85 F.3d 244, 249 (5th Cir. 1996).  In this case, there is no dispute that the parties are completely diverse. (D.E. 1, p. 7.)

### 2.      Amount in Controversy

Generally, the amount in controversy for the purposes of establishing federal jurisdiction should be determined by the plaintiff's complaint. See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938); De Aguilar v. Boeing Co., 47 F.3d 1404, 1411-12 (5th Cir. 1995). Where the plaintiff has not made a specific monetary demand, the defendant has the burden to prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. See Manguno, 276 F.3d at 723 ("[W]here . . . the petition does not include a specific monetary demand, [the defendant] must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000"); St. Paul Reinsurance Co. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998); Allen v. R&H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995).

### C.      This Court lacks jurisdiction over this case because the amount in controversy does not exceed $75,000.

Plaintiffs, on the face of their operative complaint, do not demand over $75,000, the minimum amount of damages necessary for federal diversity jurisdiction. (D.E. 1, Ex. 9.) Plaintiffs state that the wrongful foreclosure of the home itself caused damages of "at least

$35,000," (D.E. 1, Ex. 9, p. 5.)   Further, Plaintiffs claim that Defendants wrongfully

converted their personal property from the home, in an amount of "at least $5,000." (Id. at 7-

8.)  Plaintiffs also claim "at least $20,000" for exemplary damages, and "at least $5000" for

reasonable attorneys' fees. (Id. at 7-9.)   In total, Plaintiffs claim only $65,000 in damages.

This is less than the $75,000 required for diversity jurisdiction. 28 U.S.C. § 1332.

Nonetheless, Defendants contend that the $75,000 threshold amount-in-controversy

has been met for two reasons.  First, according to Defendants, "the Joint Case Management

Plan reveals that plaintiffs intend to seek more than $75,000 in damages." (D.E. 1, p. 4.)

Second, Plaintiffs' claims for fraud and for violation of the Texas Debt Collection Act, if

successful, "will likely result in recovery in excess of $75,000." (D.E. 1, p. 4-5.)

### 1.    Plaintiffs' statements in the parties' Joint Discovery/Case Management Plan do not confer jurisdiction upon this Court.

Defendants point out that Plaintiffs stated in the parties' Joint Discovery/Case

Management Plan[1] that they "do not contest th[is] Court's jurisdiction." (D.E. 1, Ex. 8, p. 3.)

Defendants argue that this statement is a "tacit representation that [Plaintiffs] seek damages

in excess of $75,000." (D.E. 1, p. 4.)   However, there is no indication on the face of

Plaintiffs' complaint that the specific monetary demand exceeds $75,000. (D.E. 1, Ex. 9.)

On the contrary, as noted above, Plaintiffs' specific damages claims in total amount to only

$65,000 in damages. (D.E. 1, Ex. 9.)  Where the complaint itself does not include a specific

monetary demand in excess of $75,000, Defendants "must establish by a preponderance of

the evidence that the amount in controversy exceeds $75,000." Manguno v. Prudential Prop.

& Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted).   Even though

Plaintiffs' Joint Discovery/Case Management Plan assertion that they "do not contest th[is]

---

[1] The parties filed their Joint Discovery/Case Management Plan with this Court when this action was first removed to this Court, pursuant to Federal Rule of Civil Procedure 26(f). (D.E. 1, Ex. 8, p. 2.)

Court's jurisdiction" ostensibly contradicts the dollar amount sought on the face of the complaint, "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Manguno v. Prudential Property and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) (citing Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000)).[2]

### 2. Plaintiffs' operative complaint, on its face, does not establish an amount-in-controversy over $75,000.

Defendants next claim that Plaintiffs' claims for fraud and for violation of the Texas Debt Collection Act ("TDCA"), "if successful, will likely result in recovery in excess of $75,000." (D.E. 1, p. 5.) By way of explanation, Defendants note that Plaintiffs fraud claim "may entitle them to exemplary damages" which "may … result in the recovery of more than $75,000." (D.E. 1, p. 5) (emphasis added). Further, Defendants assert, a violation of the TDCA, actionable under the Texas Deceptive Trade Practices Act, "permits a maximum award of three times the amount of economic damages for a knowing violation…. [The amount Plaintiffs seek under the Texas Deceptive Trade Practices Act, if tripled, would itself exceed $75,000.]" (D.E. 1, p. 6.) On these grounds, Defendants conclude that this Court should "therefore find that [P]laintiffs have alleged claims amounting to over $75,000 in damages-in-controversy requirement has been met." (D.E. 1, p. 6.)

This Court cannot agree. It is well-settled that the removing party bears the burden of showing that the removal was proper. See Frank v. Bear Stearns & Co., 128 F.3d 919, 921-22 (5th Cir. 1997). This burden extends to demonstrating the jurisdictional basis for removal. See Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365 (5th Cir. 1995).

---

[2] Moreover, notwithstanding Plaintiffs' assertion in the Joint Discovery/Case Management Plan that they do not dispute this Court's jurisdiction, they in fact do dispute this Court's jurisdiction, because they have filed a motion to remand on the basis that this Court lacks jurisdiction. (D.E. 8.)

Defendant, in a conclusory manner, asserts that Plaintiffs' claims will "likely" result in recovery in excess of $75,000. (D.E. 1, p. 5.)  "Removal, however, cannot be based simply upon conclusory allegations." Allen v. R&H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995).  This Court cannot assume that Plaintiffs' recovery will exceed $75,000 based on Defendant's assertions alone.  This is especially true given that Plaintiffs assert damages in total of only $65,000. (D.E. 1, Ex. 9.)  "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Manguno v. Prudential Property and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) citing Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000.)

Defendant has thus failed to establish that this action involves an amount-in-controversy of more than $75,000, exclusive of costs and interests, as required for this Court to have diversity jurisdiction over this suit pursuant to 28 U.S.C. § 1332.  Therefore, Defendant has failed to meet its burden of showing that federal jurisdiction exists and that removal was proper. Frank v. Bear Stearns & Co., 128 F.3d 919, 921 (5th Cir. 1997) ("The party invoking the removal jurisdiction of federal courts bears the burden of establishing federal jurisdiction over the state court suit.")  Accordingly, this Court must remand this action pursuant to 28 U.S.C. § 1447(c). ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").  See Lott v. Dutchmen Mfg., Inc., 422 F.Supp.2d 750, 752 (E.D. Tex. 2006) citing Manguno, 276 F.3d at 723.

## III.    Conclusion

For the reasons stated above, this Court GRANTS Plaintiffs' motion to remand on the grounds that this Court lacks subject matter jurisdiction over the above-styled action. (D.E.

8.)  This case is hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to the 79th Judicial

District of Jim Wells, Texas, where it was originally filed and assigned Cause No. 10-02-

48732-CV.

SIGNED and ORDERED this 24th day of May, 2010.

_____
Janis Graham Jack
United States District Judge